IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| VS. | § | NO. 3-93-CR-285-L(01) |
| | § | |
| MARCO A. ZAPATA-RODRIGUEZ | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Marco A. Zapata-Rodriguez, a federal prisoner, has filed an omnibus motion for extraordinary relief from the judgment of conviction in his criminal case. For the reasons stated herein, the motion should be treated as a second motion to correct, vacate, or set aside sentence and transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

I.

In 1993, defendant was indicted by a federal grand jury on: (1) two counts of conspiracy to sell, distribute, or dispense cocaine and marijuana in violation of 21 U.S.C. § 846; (2) two counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1); (3) 12 counts of unlawful use of a communication facility in a drug trafficking crime in violation of 21 U.S.C. § 843(b); and (3) two counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Following a lengthy jury trial, defendant was convicted on 12 of the 18 counts of the indictment.[1] Two other counts were dismissed on the government's motion. Punishment was assessed at life imprisonment for the drug trafficking offenses, 20 years confinement for the money

---

[1] Defendant was acquitted on four counts of unlawful use of a communication facility.

laundering offenses, and four years confinement for the offenses involving unlawful use of a communication facility, all to be served concurrently. The convictions and sentences were affirmed on direct appeal. *United States v. Zapata*, 84 F.3d 431 (Table), 1996 WL 248808 (5th Cir. Apr. 4, 1996), *cert. denied*, 117 S.Ct. 163 (1996). Defendant also filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255, two Rule 60(b) motions for relief from judgment, and an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. All four motions were denied. *United States v. Zapata-Rodriguez*, No. 3-97-CV-0917-R, 2001 WL 194758 (N.D. Tex. Feb. 22, 2001), *rec. adopted*, 2001 WL 363058 (N.D. Tex. Apr. 5, 2001) (section 2255 motion); *Zapata-Rodriguez v. Purdy*, No. 2-01-CV-0205 (S.D. Tex. Jan. 15, 2002), *aff'd*, 54 Fed.Appx. 797, 2002 WL 31845768 (5th Cir. Dec. 12, 2002) (section 2241 motion); *United States v. Zapata-Rodriguez*, No. 3-93-CR-285-R(01) (N.D. Tex. Jun. 6, 2005) (Rule 60(b) motion); *United States v. Zapata-Rodriguez*, No. 3-93-CR-285-R(01) (N.D. Tex. Aug. 31, 2006) (Rule 60(b) motion).

Undeterred, defendant now seeks "extraordinary relief" on the ground that the judgment in his underlying criminal case violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. As best the court can decipher this claim, defendant appears to argue that his sentences were not truly concurrent because the court imposed a $50 mandatory special assessment for each count of conviction. Although defendant seeks relief under a variety of legal and equitable theories, the gravamen of his motion is that the judgment of conviction should be set aside under Fed. R. Civ. P. 60(b).[2]

---

[2] Defendant also seeks "extraordinary relief" by way of audita querela, mandamus, corum nobis, corum vobis, prohibition, and "the All Writs Act." However, Rule 60(b) specifically abolishes "bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela." FED. R. CIV. P. 60(e). *See also United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993) (questioning whether the "obsolescent" writ of audita querela survives as a post-conviction remedy in light of 28 U.S.C. § 2255); *United States v. Elrod*, No. 3-01-CV-1046-G, 2002 WL 1331881 at *1 n.2 (N.D. Tex. Jun. 14, 2002).

## II.

The court initially observes that defendant may challenge his conviction and sentence only in a section 2255 motion. *See, e.g. Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (collateral attack on federal criminal conviction is generally limited to a motion to correct, vacate, or set aside sentence under 28 U.S.C. § 2255); *United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1156 (1999) (motions brought by federal prisoners under Rule 60(b), but which essentially seek to set aside their convictions on constitutional grounds, may be treated as section 2255 motion); *Wells v. United States*, No. 3-97-CV-1152-G, 2007 WL 2192487 (N.D. Tex. Jul. 27, 2007) (treating Rule 60(b) motion in criminal case as successive section 2255 motion). Because defendant has already sought post-conviction relief, the court must determine whether he can bring this action without prior approval from the court of appeals.[3]

## III.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive section 2255 motion, a defendant must show that the motion is based on:

> (1)     newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or

---

[3] Defendant argues that his motion should not be treated as one for relief under section 2255 because he "is *solely complaining* about a 'Monetary Aspect' of his sentence." (Def. Mot. at 7) (emphasis in original). However, it is clear that defendant is challenging the validity of his underlying sentence on constitutional grounds, as evidenced by his argument that the "the court lacked subject matter jurisdiction in imposing the Judgment on the grounds of 'Double Jeopardy' contrary to law[.]" (*See id.* at 1). Such a claim must be brought in a section 2255 motion.

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. *Id.* §§ 2255(h) & 2244(b)(3).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive section 2255 motion. Defendant must obtain such an order before another motion for post-conviction relief is filed.

## **RECOMMENDATION**

Petitioner's motion for extraordinary relief should be construed as a second or successive motion to correct, vacate, or set aside sentence. Rather than dismiss this case without prejudice pending review by a three-judge panel of the court of appeals, the motion should be transferred to the Fifth Circuit for appropriate action. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,*

79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  September 16, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE