IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | No. **3:93-CR-0285-L** |
| | § | |
| **MARCO A. ZAPATA-RODRIGUEZ (1)** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) the Findings and Recommendation of the United States Magistrate Judge, filed September 15, 2010; (2) Pro-Se Motion Objecting to the Magistrate Judge Presiding Over These Proceedings Pursuant to *Gonzalez v. U.S.*, 170 L. Ed.2d 616 (2008), and *U.S. v. Dees*, 125 F.3d 261 (5th Cir. 1997), filed September 22, 2010; (3) Motion to Take Judicial Notice Under F.R. Evid. 201(d) of Facts/Case Law in Regards to Petitioner's Extraordinary Petition Pursuant to . . . . . . and Requests an Opportunity to Be Heard Under F.R. Evid. 201(e), filed September 22, 2010; and (4) Pro-Se Response and Objections to Magistrate Judge's Report and Recommendation in its Entirety, filed September 29, 2010.

On August 24, 2010, Defendant Marco A. Zapata-Rodriguez ("Defendant") filed a document titled: Petition for Extraordinary Relief in the Nature of Audita Querela, Mandamus, Corum Nobis, Corum Vobis, Prohibition, Habeas Corpus, Inherent Authority, Equitable Authority, Ancillary Jurisdiction and/or Injunctive Relief or Any Other Relief Pursuant to Title 28 § 1651 "The All Writs Act" and Title 28 § 1361 in Aid of this Court Jurisdiction (the "Petition"). The court referred the Petition to United States Magistrate Jeff Kaplan for findings and recommendation on September 10, 2010. On September 16, 2010, the magistrate judge filed the Findings and Recommendation of the United States Magistrate Judge (the "Report"), recommending that the court construe the Petition as a

second or successive motion to correct, vacate, or set aside sentence pursuant to 28 U.S.C. § 2255 and transfer it to the United States Court of Appeals for the Fifth Circuit.

Defendant filed a motion objecting to the magistrate judge presiding over his motion. He states that he does not consent to the magistrate judge presiding over the case and that the Petition must be adjudicated by an Article III judge. The court **denies** his Pro-Se Motion Objecting to the Magistrate Judge Presiding Over These Proceedings Pursuant to *Gonzalez v. U.S.*, 170 L. Ed.2d 616 (2008), and *U.S. v. Dees*, 125 F.3d 261 (5th Cir. 1997). The magistrate judge has statutory authority to make findings and recommendations to this court pursuant to 28 U.S.C. § 636(b)(a)(B), and Defendant's consent is not required. The magistrate judge has made recommendations to the court, but he has not presided over or decided the Petition.

Defendant has also moved for the court to take judicial notice of facts and case law relating to the Petition. He has also requested a hearing pursuant to Rule 201(e) of the Federal Rules of Evidence. The court **denies** his Motion to Take Judicial Notice Under F.R. Evid. 201(d) of Facts/Case Law in Regards to Petitioner's Extraordinary Petition Pursuant to . . . . . . and Requests an Opportunity to Be Heard Under F.R. Evid. 201(e). While the court considers the case law cited by Defendant and the facts from his criminal case, the court will not take "judicial notice" of the conclusions of law proffered by Defendant. It will, however, consider the applicable law in considering the relief sought in the Petition.

The magistrate judge recommends that the court treat the Petition as a second or successive motion to correct, vacate, or set aside sentence pursuant to 28 U.S.C. § 2255 and transfer it to the Fifth Circuit for appropriate action. He determined that the Petition largely sought to set aside Defendant's conviction pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and that such relief can only be pursued pursuant to a motion to correct, vacate, or set aside a sentence under 28 U.S.C. § 2255. Because a second or successive section 2255 motion can only be brought under certain circumstances,

**Memorandum Opinion and Order – Page 2**

determined by a panel of appellate judges, Defendant must obtain an order from the Fifth Circuit authorizing a second section 2255 motion before proceeding.

Section 2255(h) provides: "A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain" new evidence or a new rule of law that is both retroactive and previously unavailable. The court therefore lacks jurisdiction to hear a second or successive section 2255 motion unless it has been certified by the Fifth Circuit. *See* 28 U.S.C. §§ 2244(b)(3)(A) and 2255; *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Defendant has filed several objections to the Report. He first objects to the magistrate judge presiding over his Petition. As stated above, the magistrate judge has statutory authority to make findings and recommendations to this court. This objection is **overruled**.

Next, Defendant objects to the magistrate judge's description that the Petition seeks relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. He states that there is a fatal defect in the criminal judgment and that he is only complaining about the monetary aspect of the judgment. The court agrees with the magistrate judge that Defendant is asking the court to set aside the judgment as a whole and therefore the Petition should be construed as a successive section 2255 motion. This objection is **overruled**.

Defendant objects to the magistrate judge's treatment of his Petition as a section 2255 motion. He argues that he only seeks relief regarding the monetary aspect of his sentence. The court agrees with the magistrate judge; Defendant seeks resentencing and an order enjoining the government from further imprisoning him. The court finds that he seeks relief regarding the judgment as a whole, not just the fines. Accordingly, the court **overrules** this objection.

Defendant's fourth objection relates to his contention that his conviction violates the Double Jeopardy clause of the United States Constitution. He argues that only an Article III judge can make

**Memorandum Opinion and Order – Page 3**

a determination whether the Double Jeopardy clause has been violated. The court **overrules** this objection. It is convinced that the Petition is a second section 2255 motion, and only the Fifth Circuit can authorize Defendant to seek relief through a second motion.

Defendant next objects to the magistrate judge's failure to find a fraud upon the court and therefore find that the court should correct the sentence. The court finds that, if any relief is appropriate, Defendant must first receive permission from the Fifth Circuit to bring a second section 2255 motion. This objection is therefore **overruled**.

Next, Defendant argues that the judgment is void. He contends that the court lacks subject matter jurisdiction, that the criminal conviction is void, and that the court should remedy the defects in his criminal judgment. The court **overrules** this objection because, as stated above, Defendant's motion cannot be filed without certification by a panel of the Fifth Circuit.

Defendant's seventh objection is to the magistrate judge's failure to use the All Writs Act as a basis for relief. He contends that 28 U.S.C. § 1651(a) can be used to ensure that justice is done. As the court finds that the Petition is a successive section 2255 motion, it **overrules** this objection.

Finally, Defendant objects to the magistrate judge's conclusions and contends that he ignored a miscarriage of justice. The court determines that if Defendant is entitled to relief he must first seek leave from the Fifth Circuit to file a second section 2255 motion. The court therefore **overrules** this objection.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. This court is without jurisdiction to entertain the Petition because it is a successive section 2255 motion, and, in such

instances, the motion must be transferred to the appellate court for it to determine whether the district court can consider the motion. Accordingly, the court **transfers** this motion to the United States Court of Appeals for the Fifth Circuit. The clerk of this court is directed to effect this transfer in accordance with the usual procedure. The court **denies** the Pro-Se Motion Objecting to the Magistrate Judge Presiding Over These Proceedings Pursuant to *Gonzalez v. U.S.*, 170 L. Ed.2d 616 (2008) and *U.S. v. Dees*, 125 F.3d 261 (5th Cir. 1997), and **denies** the Motion to Take Judicial Notice Under F.R. Evid. 201(d) of Facts/Case Law in Regards to Petitioner's Extraordinary Petition Pursuant to . . . . . . and Requests an Opportunity to Be Heard Under F.R. Evid. 201(e).

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Defendant has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Defendant

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)    Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    **(b)    Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 5th day of October, 2010.

*[signature]*
Sam A. Lindsay
United States District Judge